## OHIO SUPREME COURT—Continued

### SYLLABI OF CASES DECIDED LAST WEEK

#### No. 286

No. 17977—Dorothy Collins et al v. Perry C. Collins et al. Error to the Court of Appeals of Allen County.

1271. WILLS—Revocation of items by codicil—Revivor of—Incompetency of evidence of attorney as a subscribing witness, as to communications with testator—What jury may consider as evidence in contest as to testimentary capacity.

DAY, J.

1. To constitute a valid revivor of a revoked will, under Section 10562, General Code, the testator must acknowledge the instrument to be his last will before the witnesses who have already signed his will, or, if before other witnesses, then these witnesses must sign the will at the request of the testator or testator and two witnesses must sign some other written instrument showing such intent; or such testator must republish his will with the same formalities as attended its original execution and publication.

2. Where several items of a will have been specifically revoked by a codicil and the codicil afterwards destroyed at the testator's direction, the items of the will so revoked cannot be revived by parol declarations of testator to others than the original attesting witnesses to the will who do not subscribe as witnesses to the will.

3. The terms of Section 11494, General Code, preventing an attorney from testifying concerning communications made to him by his client in that relation, or concerning his advice to the client, preclude him, in a proceeding to contest the will or codicil of his client, from testifying to matters which he must necessarily have learned by communications from his client, and to matters that relate directly to communications made and advice given while the relation of attorney and client existed. He is not, however, precluded from testifying, the same as any other witness might, when he is a subscribing witness to such will or codicil.

4. In a will contest it is proper for a jury in reaching a conclusion touching the testamentary capacity of the testator to consider evidence with reference to the age of the testator and the mental and physical condition at the time of the execution of the instrument in question, his habits, associations, his relations to the parties interested, his affections toward them, their claim upon his bounty, the character and extent of his property, the disposition made of it by his will or codicil, and whether such disposition was a reasonable and natural one, as bearing upon the question whether at the time of the execution of the will or codicil in question the testator possessed sufficient mental capacity to make the same and was not under any restraint, and was able to form a purpose and intent to dispose of property by will.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

#### No. 287

No. 18021—Frances A. Morison Hasse v. Thomas A. Morison et al. Error to the Court of Appeals of Cuyahoga county

997.- REAL ESTATE—Conveyance and reconveyance of—Ancestral quality of—Effect of residuary clauses in will—Distribution of estate per capita and per stirpes.

DAY, J.

1. Where ancestral real estate is conveyed by quitclaim deed, based upon a valuable consideration, and afterwards the same real estate is reconveyed to the person who first conveyed it, and the deed of reconveyance recites a valuable consideration, the title thereby conveyed becomes one of purchase and the same loses its ancestral quality.

2. Where a will contains two residuary clauses and an examination of the entire will discloses an intention that the second residuary clause should operate on the happening of a contingency, which has transpired since the execution of the will, effect will be given to the intention thus expressed and the second residuary clause will control.

3. Where a testatrix dies intestate as to certain ancestral real estate, leaving no husband or children, or their representatives, but is survived by nephews and nieces, children of brothers and sisters of both the whole and the nieces take per capita, and the great nephews and great pieces take per stirpes. (Ewers v. Follin, 9 Ohio St. 327.)

Judgment modified and affirmed as modified.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

#### No. 288

No. 17795—City of Cuyahoga Falls v. Carl Beck. Error to the Court of Appeals of Summit County ..

1113. STREETS—Assessments for improvement—Filing objections to—Waiver of rights.

ALLEN, J.

Under Section 3848, General Code, a property owner objecting to a street assessment made according to benefits by a municipality, must file his objection in writing with the clerk of the municipality within two weeks after the expiration of the notice given under Section 3895, General Code. Where the property owner has received actual notice of the amount of the assessment, failure to file such written objection constitutes waiver of the right to question the assessment in a court of equity under Section 12075, General Code, and this is true even though the assessment exceeds 33 1-3 per cent of the actual value of the lot or parcel of land in question after the improvement is made.

Judgment reversed.

Marshall, C. J., Jones, Matthias and Day, JJ., concur. Robinson, J., concurs in the judgment. Wanamaker, J., not participating.